# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

EVA J. JACKSON, )
)
        Plaintiff, )
)
v. ) Case No. CIV-15-402-RAW-SPS
)
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
        Defendant. )

## REPORT AND RECOMMENDATION

The claimant Eva J. Jackson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on December 10, 1962, and was fifty-one years old at the time of the administrative hearing (Tr. 38, 136). She completed the tenth grade, and has worked as hospital food-service worker, poultry hanger, and receptionist (Tr. 31, 168). She alleges that she has been unable to work since June 3, 2011, due to chronic pain in her hands, legs, back, shoulders, and neck (Tr. 168).

**Procedural History**

On April 25, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ James Bentley held an administrative hearing and determined the claimant was not disabled in a written opinion dated May 27, 2014 (Tr. 20-33). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.1481, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a range

of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), *i. e.*, she could lift/carry ten pounds frequently and twenty pounds occasionally, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday, and she required a sit/stand option, defined as a temporary change in position from sitting to standing and vice versa with no more than one change in position every half hour and without leaving the workstation. Additionally, he found she could only occasionally kneel, crouch, crawl, and reach overhead bilaterally, and that she could frequently (but not constantly) handle and finger bilaterally (Tr. 25). The ALJ then concluded that she could return to her past relevant work as a receptionist; alternatively, he found there was work in the economy that she could perform, *i. e.*, furniture rental clerk, storage-facility rental clerk, and information clerk (Tr. 32).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the medical evidence related to her fibromyalgia and chronic pain as well as her credibility, and (ii) improperly assessing her RFC. The undersigned Magistrate Judge agrees that the ALJ's assessment related to the intensity, persistence, and limiting effects of her symptoms was not properly conducted, and the decision of the Commissioner should therefore be reversed.

The ALJ determined that the claimant's severe impairments consisted of fibromyalgia, chronic pain syndrome, restless leg syndrome, and hypertension (Tr. 22). The relevant medical evidence reveals that the claimant largely received treatment at

Kiamichi Family Medical Center with Dr. Jon Maxwell. Dr. Maxwell's notes reflect that she began complaining of pain in mid-2011, and was assessed with chronic pain syndrome (Tr. 241). On May 8, 2012, the claimant had positive pressure points for fibromyalgia, but their records do not reflect a diagnosis of fibromyalgia (Tr. 231, 314).

On July 10, 2012, Dr. Terry Kilgore conducted a physical examination of the claimant. Upon examination, the claimant had no swelling, but she complained of pain in her hands, wrists, shoulders, neck, lower back, hips, and thighs (Tr. 264). He noted that the claimant had not seen a rheumatologist, but that she had received treatment for fibromyalgia (Tr. 264). She had 16/18 positive tender points for fibromyalgia (Tr. 265). Additionally, his worksheets indicate that she had slightly reduced range of motion of hands, wrists, and shoulders, but that she could oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools (Tr. 266-267). Additionally, she had slightly limited range of motion of the back and lumbosacral spine, in addition to pain with range of motion (Tr. 268-269).

State reviewing physicians determined that the claimant could perform light work with no manipulative or postural limitations (Tr. 285-299).

In his written opinion, the ALJ summarized the claimant's testimony and medical records. At step four, the ALJ continued to question whether the claimant had an actual diagnosis of fibromyalgia, stating that "[i]t does not appear any testing was done to exclude any other disorder that could cause the symptoms or signs the claimant complained of[.]" (Tr. 27). He then confusingly stated that he therefore only gave Dr.

Kilgore's diagnosis of fibromyalgia "some weight" but that he had considered the evidence in its entirety, "including the claimant's complaints of pain, regardless of underlying etiology." (Tr. 27). He then assigned "significant weight" to the state reviewing physician opinions (Tr. 29). He further stated that he found the claimant not very credible (Tr. 30). He then concluded that the claimant could at most perform a range of light work.

As part of her first contention, the claimant argues, *inter alia*, that the ALJ erred in analyzing her credibility. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Although the ALJ's credibility analysis was arguably sufficient under the old standard, the record does not reflect how the ALJ would have evaluated the claimant's subjective statements

under Soc. Sec. Rul. 16-3p.³  Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 2nd day of March, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

³ While it is arguable that the evidence cited by the ALJ in support of his credibility determination would likewise have satisfied Soc. Sec. Rul. 16-3p, thus obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the undersigned Magistrate Judge finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.